UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EILEEN NECE,

    Plaintiff,

v.                                CASE NO. 8:16-cv-2605-T-23CPT

QUICKEN LOANS, INC.,

    Defendant.
_____/

**ORDER**

       A February 14, 2018 order (Doc. 127) recites at length the facts of this action. In short, on December 7, 2012, Eileen Nece submitted four forms on Quicken's website and e-mailed Quicken to inquire about a mortgage. Nece included in the e-mail and in at least one website submission the number for her residential landline, which appears on the national do-not-call registry. By inquiring about a Quicken mortgage and by providing her telephone number, Nece consented to a call from Quicken. The TCPA regulations permit a call to a consenting person whose number appears on the national do-not-call registry. In the week after Nece's submissions, Quicken called Nece a dozen times. During the calls, Nece rebuffed Quicken's attempts to solicit Nece's business, but (with one exception) Nece said no phrase equivalent to "stop calling me" or "take me off your call list."

       In September 2016, Nece sued (Doc. 1) Quicken for calling with an artificial or prerecorded voice, for calling a number on the national do-not-call registry (a

violation of 47 C.F.R. § 64.1200(c)), and for calling Nece before "institut[ing]" several procedures required by a TCPA regulation.  The February 14 order grants summary judgment for Quicken on the prerecorded-voice claim and the procedural claim but denies summary judgment on the Section 64.1200(c) claim because of "two predominant disputes of material fact."  (Doc. 127 at 13)  First, a dispute about the clarity of Nece's comments requires a jury to decide when Nece revoked consent to a call.  Second, the jury must decide whether Quicken stopped calling Nece within a reasonable time — a determination that "depends partly on when Nece directed Quicken to stop calling."  (Doc. 127 at 15)  Additionally, the February 14 order observes that Nece's repeated submissions to Quicken "inform the reasonableness of Quicken's response."  (Doc. 127 at 15–16)

Although the trial is scheduled for July 2018, Nece moves (Doc. 129) to extend discovery until August 12, 2018 and to extend until August 12, 2018 the time within which to move for class certification.  Nece identifies two items that purportedly require the extensions:  First, Nece's outstanding requests that Quicken produce every shred of documentation in any form about every do-not-call request that Quicken received between September 2012 and June 2013; and second, the anticipated depositions of other people whom Quicken called.  Quicken objects (Doc. 77) to producing the documentation requested by Nece, and the resolution of both Nece's motion and Quicken's objection requires another lengthy recitation.

Rather than request a reasonable sample, Nece demanded in November 2016 that Quicken produce:

> All documents of any type or kind or records of communications received by Defendant or any third party from a proposed class member requesting that Defendant not contact that consumer or customer.

(Doc. 41-2 at 15)  Also, Nece demanded:

> All consumer and/or customer communications of any type or kind, or records of communications, received by Defendant revoking consent for Defendant or any third party to contact that consumer or customer.

(Doc. 41-2 at 15)  Although the TCPA contains a four-year limitation, Nece expressly declined to limit the requests to the four years preceding the September 8, 2016 complaint.  Quicken objected for several reasons, including the burden and the relevance of Nece's requests.

On February 25, 2017, Nece moved (Doc. 41) to compel production.  Quicken opposed Nece's motion for the same reasons Quicken opposed Nece's requests for production.  Quicken explained that the requests require collecting and reviewing at least three million e-mails, a review that might cost millions of dollars.[1]  (Doc. 51-2) Partially granting Nece's motion to compel, the magistrate judge wrote in a May 5, 2017 order:

> As for Request Nos. 20 and 21, while I find them to be overly broad and disproportionate to Plaintiff's needs at this stage of the proceedings, the requests are not wholly irrelevant to Plaintiff's

---

[1] Again, the record shows that Quicken called Nece twelve times. The TCPA provides $500 in damages per violation.

> allegations. To the extent Defendant documents consumer requests
> made by similarly situated residential consumers that they not be
> contacted or that their prior consent be revoked, such documentation
> shall be provided for the period between September 2012 and June
> 2013.

(Doc. 66 at 12) The order includes no explanation who constitutes a "similarly situated" consumer. The magistrate judge ordered Quicken to produce the documentation no later than September 4, 2017, but an August 28, 2017 order (Doc. 89) stayed class discovery before Quicken produced the documentation. Both parties agreed to the stay.

Moving (Doc. 67) on May 19, 2017 for clarification or reconsideration of the May 5 order, Quicken submitted proof that compliance with the May 5 order would require dozens of employees to spend months on document review and would cost Quicken at least hundreds of thousands of dollars. Quicken argued that compliance with the May 5 order required at least two time-consuming and costly steps. First, the identification of a "similarly situated" consumer requires manually searching Quicken's general e-mail inbox and other locations to determine who revoked consent to a call. As Quicken correctly observed, the infinite variety of language precludes an "automated" or "keyword" search to find correspondence about a person's revocation of consent to a call from Quicken.[2]

---

[2] A person could probably revoke consent to a call through hundreds of different English expressions, and the prospect of a revocation in another language increases exponentially the number of permutations. Also, the dispute about the clarity of Nece's comments illustrates the occasional difficulty of identifying a revocation of consent.

Second, Quicken lacks the capability to determine readily whether a telephone number in an e-mail or Internet "lead" belongs to a residence, a cell phone, or a business. To determine if a number belongs to a residence, Quicken "would need to [] obtain[] [information] from a third-party telephone carrier." (Doc. 67-1 at 4–5)

More importantly, Quicken objected to Nece's interpretation of the May 5 order. Under Nece's interpretation, which required Quicken to produce all documentation about the consumers' do-not-call requests (as opposed to producing only the document on which Quicken recorded those requests), Quicken could comply only by manually searching several systems for e-mails, text messages, recordings, and other communications that might contain a do-not-call request. Based on years of experience with TCPA discovery, Quicken employee Amy Courtney affirmed (Doc. 67-1) that the search would "cost hundreds of thousands of dollars (and potentially more)," would "consume hundreds of hours of Quicken Loans' computer and team member hours," and would "take many months (if not longer) to complete." Nece's response (Doc. 71) mostly quibbles with the form and minutiae of Quicken's motion but fails to cogently rebut the argument about the burden of Quicken's complying with the order. The magistrate judge denied Quicken's motion "for essentially the reasons urged by" Nece. (Doc. 73 at 7)

Quicken objects (Doc. 77) under Rule 72(a), Federal Rules of Civil Procedure, to the May 5 order and to the June 13 denial of Quicken's motion for clarification or reconsideration. Quicken, which "already produced 12,000-plus pages of records

relating to 450,000 phone numbers and individuals," explains that complying with the May 5 order (as Nece interprets the order) might require 15,000 hours of a Quicken employee's or of outside counsel's time.

Nece, who devotes a page and a half (Doc. 79 at 9–10) to rebutting the merits of Quicken's argument, contends that her requests are proportional to the needs of this action. (As a reminder, Nece requested every shred of documentation in any form about every do-not-call request that Quicken received from any consumer between September 2012 and June 2013.) Nece emphasizes that she is an "individual of modest means" and that "Quicken Loans is a multi-billion dollar corporation." (Doc. 79 at 9) Nece's counsel (that is, the prospective class counsel) boldly asserts that the judgment against Quicken in this action "could be multiple billions of dollars." (Doc. 79 at 10) Of course, several impediments almost certainly foreclose a judgment for "multiple billions of dollars" in this unexceptional TCPA action. *See, e.g.*, U.S. CONST. amend V.[3]

For too long, Nece has avoided confronting the reality that individualized issues often predominate in putative TCPA class actions involving a dispute about consent or the revocation of consent. *See, e.g.*, *Gene and Gene LLC v. BioPay LLC*, 541 F.3d 318 (5th Cir. 2008) (Jolly, J.); *Sandusky Wellness Ctr., LLC v. ASD Speciality Healthcare, Inc.*, 863 F.3d 460 (6th Cir. 2017) (McKeague, J.). The resolution of

---

[3] *See also* J. Gregory Sidak, *Does the Telephone Consumer Protection Act Violate Due Process as Applied?*, 68 FLA. L. REV. 1403 (2016).

Nece's claim will require the jury to parse Nece's words and to determine when Nece revoked consent to a call. As the February 14 order explains, several "unique" or idiosyncratic facts (including the phrasing of Nece's comments and Nece's repeated submissions) contribute to the determination whether Quicken stopped calling Nece within a reasonable time. In this circumstance, Nece's class-discovery requests impose on Quicken a burden disproportional to the needs of this action. Because the May 5 order clearly erred by requiring Quicken to respond to the requests, Quicken's objection (Doc. 77) is **SUSTAINED**, and the May 5 order is **VACATED** to the extent the May 5 order conflicts with this order.

Class-certification discovery remained available to Nece for eleven months. In that time, Nece "propounded [sixty-one] requests for production, [ten] interrogatories, and [twenty-five] requests for admission." (Doc. 130 at 5) Quicken provided more than ten-thousand records about the putative class. Sustaining Quicken's objection obviates the need for a lengthy extension of discovery.[4] Nece's motion (Doc. 129) to extend discovery is **GRANTED-IN-PART**. Discovery closes on **APRIL 13, 2018**. The stay in the August 28 order is **DISSOLVED**.

Finally, Nece requests another six months to move for class certification. Rule 23(c) favors determining class status as soon as practicable after the litigation begins. In accord with Rule 23's preference for the "early" determination of class

---

[4] Also, Nece argues that Quicken "has not yet produced telephone call data" (Doc. 129 at 2–3), but the May 5 order denies Nece's motion to compel production of the data. (Doc. 66 at 13)

status, Local Rule 4.04(b) typically requires moving for class certification within ninety days of the complaint. The ninetieth day after the complaint was December 7, 2016. Nece's request to extend the deadline for class certification until August 16, 2018 — the seven-hundred and seventh day after the complaint — warrants denial. For a year and a half, the frequent quarreling about class discovery and class certification has wasted the parties' and the district court's time and resources. That quarreling must end imminently. No later than **APRIL 13, 2018**, Nece may move for class certification.[5] If Quicken opposes class certification, Quicken must respond no later than twenty-one days after the motion. **No extension is available to either party absent an extraordinary circumstance**. A discovery dispute, including a dispute that prompts another motion to compel or another motion for a protective order, is not an extraordinary circumstance. Other than the discovery and class-certification deadlines, Nece's request to extend a deadline is **DENIED**. The action remains on the July 2018 trial calendar.

    ORDERED in Tampa, Florida, on February 27, 2018.

STEVEN D. MERRYDAY<br>
UNITED STATES DISTRICT JUDGE

---

[5] On August 22, 2017, Nece proposed to move for class certification within forty-five days of the resolution of Quicken's motion for summary judgment. (Doc. 85) The February 14 order resolves Quicken's motion for summary judgment and grants summary judgment on two of Nece's three claims, but Nece offers no explanation for quadrupling the requested time within which to move for class certification. Although the forty-fifth day after the resolution of Quicken's motion for summary judgment is March 31, 2018, Nece may move for class certification no later than April 13, 2018 (forty-five days from this order).